UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

Date of Arrest: July 26, 2019

| | |
|---|---|
| UNITED STATES OF AMERICA<br>  Plaintiff,<br><br>Vs.<br><br>Giselle CARDENAS-Higuera<br>  Defendant.<br><br>YOB: 1997<br>United States Citizen | Magistrate's Case No. 19-1581MJ<br><br>COMPLAINT FOR VIOLATION OF<br>21 U.S.C. §§ 952, 960(a)(1) and (b)(2)(A), Importation of a Controlled Substance (Heroin)<br>Count One<br><br>21 U.S.C. § 841(a)(1) and (b)(1)(B)(i), Possession of a Controlled Substance with Intent to Distribute (Heroin)<br>Count Two<br><br>21 U.S.C. §§ 952, 960(a)(1) and (b)(3), Importation of a Controlled Substance (Cocaine)<br>Count Three<br><br>21 U.S.C. § 841(a)(1) and (b)(1)(C), Possession of a Controlled Substance with Intent to Distribute (Cocaine)<br>Count Four |

I, the undersigned complainant, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

COUNT ONE

On or about July 26, 2019, at San Luis, Arizona, within the District of Arizona, the defendant, Giselle CARDENAS-Higuera, did knowingly and intentionally import, attempt to import, and in fact did import, 100 grams or more of a substance containing a detectable amount of heroin, a Schedule I Controlled Substance, into the United States from the

Republic of Mexico, in violation of Title 21, United States Code, Sections 952, 960(a)(1) and (b)(2)(A).

COUNT TWO

On or about July 26, 2019, at San Luis, Arizona, within the District of Arizona, the defendant, Giselle CARDENAS-Higuera, did knowingly and intentionally possess with intent to distribute 100 grams or more of a substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(i).

COUNT THREE

On or about July 26, 2019, at San Luis, Arizona, within the District of Arizona, the defendant, Giselle CARDENAS-Higuera, did knowingly and intentionally import, attempt to import, and in fact did import, a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts or isomers; a Schedule II Controlled Substance, into the United States from the Republic of Mexico, in violation of Title 21, United States Code, Sections 952, 960(a)(1) and (b)(3).

COUNT FOUR

On or about July 26, 2019, at San Luis, Arizona, within the District of Arizona, the defendant, Giselle CARDENAS-Higuera, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers; a Schedule II Controlled

Substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

And the Complainant states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

Authorized by: AUSA Louis Uhl

_for JHUSBP_

_For [signature]_
Eric W. Tolman, Special Agent
Homeland Security Investigations

Sworn to before me and subscribed in my presence, July 29, 2019, at Yuma, Arizona.

_[signature]_
James F. Metcalf
United States Magistrate Judge

UNITED STATES OF AMERICA
vs.
Giselle CARDENAS-Higuera

### STATEMENT OF FACTS

I, Eric W. Tolman, being duly sworn, do state the following:

On July 26, 2019, at approximately 1:55 p.m., Giselle CARDENAS-Higuera, applied for entry into the United States (US) from the Republic of Mexico, via the pedestrian lanes at the San Luis, Arizona, Port of Entry.

CARDENAS presented a photo copy of an expired Arizona temporary identification card as her entry document and stated she was a U.S. Citizen. The Customs and Border Protection Officer (CBPO) at the primary inspection point noticed CARDENAS was nervous, unable to stand still and was jumpy. The CBPO checked her purse and observed more than two hundred dollars, but CARDENAS had said she was unemployed. The CBPO received a negative Customs declaration, indicating she did not have any drugs, weapons or money in excess of $10,000, and referred CARDENAS to secondary for further inspection.

The secondary inspection officer received a second negative Customs declaration from CARDENAS. The CBPO checked CARDENAS' purse and noticed she was carrying three hundred and thirty-three dollars. The CBPO asked CARDENAS about her employment. CARDENAS said she had been unemployed for over a year and received the money from the father of her child.

The CBPO asked CARDENAS how many shirts she was wearing, and CARDENAS stated she was wearing two. CARDENAS was asked to lift the top shirt and the CBPO observed a bulge in the lower abdominal area. CARDENAS was asked what she was carrying, and CARDENAS stated she did not know what type of drugs she had.

The CBPO requested permission for a pat down search. During the search, a total of three packages were removed from CARDENAS lower abdominal area. The packages were held in place under CARDENAS clothes and against her body with a gauze bandage wrap.

Two of the packages tested positive for the characteristics of cocaine utilizing the TruNarc. The two packages weighed a total of 363 grams.

The third package tested positive for the characteristics of heroin utilizing the 924 Narco Pouch. The weight of the third package was 539 grams.

During a post-*Miranda* interview, CARDENAS admitted she was to be paid $800 for crossing the three packages into the United States and delivering them to an unidentified person. CARDENAS also admitted she knew she was carrying some type of drug and she knew it was illegal to bring drugs into the United States.

Based on the foregoing, there is probable cause to believe that CARDENAS committed the offenses as alleged in the Complaint.

_____
Eric W. Tolman, Special Agent
Homeland Security Investigations

Sworn to before me and subscribed in my presence, July 29, 2019, at Yuma, Arizona.

_____
James F. Metcalf
United States Magistrate Judge

US v. CARDENAS-Higuera

## Probable Cause Statement

I, Eric W. Tolman, being duly sworn, do state the following:

On July 26, 2019, at approximately 1:55 p.m., Giselle CARDENAS-Higuera, applied for entry into the United States (US) from the Republic of Mexico, via the pedestrian lanes at the San Luis, Arizona, Port of Entry.

CARDENAS presented a photo copy of an expired Arizona temporary identification card as her entry document and stated she was a U.S. Citizen. The Customs and Border Protection Officer (CBPO) at the primary inspection point noticed CARDENAS was nervous, unable to stand still and was jumpy. The CBPO checked her purse and observed more than two hundred dollars, but CARDENAS had said she was unemployed. The CBPO received a negative Customs declaration, indicating she did not have any drugs, weapons or money in excess of $10,000, and referred CARDENAS to secondary for further inspection.

The secondary inspection officer received a second negative Customs declaration from CARDENAS. The CBPO checked CARDENAS' purse and noticed she was carrying three hundred and thirty-three dollars. The CBPO asked CARDENAS about her employment. CARDENAS said she had been unemployed for over a year and received the money from the father of her child.

The CBPO asked CARDENAS how many shirts she was wearing, and CARDENAS stated she was wearing two. CARDENAS was asked to lift the top shirt and the CBPO observed a bulge in the lower abdominal area. CARDENAS was asked what she was carrying, and CARDENAS stated she did not know what type of drugs she had.

The CBPO requested permission for a pat down search. During the search, a total of three packages were removed from CARDENAS lower abdominal area. The packages were held in place under CARDENAS clothes and against her body with a gauze bandage wrap.

US v. CARDENAS-Higuera

Two of the packages tested positive for the characteristics of cocaine utilizing the TruNarc. The two packages weighed a total of 363 grams.

The third package tested positive for the characteristics of heroin utilizing the 924 Narco Pouch. The weight of the third package was 539 grams.

During a post-Miranda interview, CARDENAS admitted she was to be paid $800 for crossing the three packages into the United States and delivering them to an unidentified person. CARDENAS also admitted she knew she was carrying some type of drug and she knew it was illegal to bring drugs into the United States.

Based on the foregoing, there is probable cause to believe that Giselle CARDENAS-Higuera committed the offenses as alleged in the Complaint.

Executed on: Date 07/27/2019 at 1300 hours

Signed: _____
Eric W. Tolman, Special Agent HSI

Finding of Probable Cause

On the basis of the facts presented in the foregoing Probable Cause Statement, consisting of two pages, I find Probable Cause to believe that the defendant named therein committed the offenses on the date 7/26/2019, in violation of Title 21, United States Code, Sections 952 and 960(a)(1),(b)(2)(A), and (b)(3), and Title 21, United States Code, Section 841(a)(1),(b)(1)(B)(i), and (b)(1)(C).

Finding Made on: Date 7/27/19 Time 1640 hrs.

Signed: _____
James F. Metcalf
United States Magistrate Judge